# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9699 | **DATE** | 12/12/2002 |
| **CASE TITLE** | JUSTICE FAIRCHILD vs. TOUCHTUNES MUSIC CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the parties have until 1/27/03 to conduct discovery on the issue of plaintiff's intent with respect to his failure to disclose his claim against defendant on his Bankruptcy Petition. Defendant has until 2/5/03, to submit supplemental evident on this issue to the Court, along with a short explanatory brief, if necessary. Plaintiff has until 2/14/03, to respond with supplemental evidence and a short explanatory brief, if necessary.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | DEC 2002 date docketed |
| Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | docketing deputy initials |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | |
| TBK courtroom deputy's initials | date mailed notice |
| Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JUSTICE FAIRCHILD )
)
Plaintiff, )
)
v. ) No. 01 C 9699
) Paul E. Plunkett, Senior Judge
TOUCHTUNES MUSIC CORP., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Justice Fairchild[1] has sued Touchtunes Music Corp. for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, and defamation *per se*. Defendant has filed a Federal Rule of Civil Procedure 56(c) motion for summary judgment on plaintiff's claims on the basis of judicial estoppel. For the reasons set forth below, the Court cannot decide the motion until the parties have conducted additional discovery and submitted additional evidence in accordance with this Memorandum Opinion and Order.

## Facts

Plaintiff does not dispute defendant's Local Rule 56.1(a)(3) Statement of Material Facts. Plaintiff is a citizen of Illinois. Defendant is a corporation doing business in Illinois, engaged in the

---

[1] When Touchtunes Music Corp. hired Fairchild, Fairchild was female. Pl.'s Compl. ¶8. Since the filing of Fairchild's complaint, Fairchild has undergone gender reassignment. Def.'s Mot. Summ. J. at 2 n.2. Fairchild will be referred to as "he" or "plaintiff".

distribution of commercial digital entertainment equipment. Defendant hired plaintiff in November 1998, and fired plaintiff on April 6, 2001.[2]

On July 30, 2001, plaintiff filed a charge of sex discrimination against defendant with the United States Equal Employment Opportunity Commission (the "EEOC"). The EEOC issued a Notice of Right to Sue to plaintiff on September 24, 2001. Plaintiff filed a complaint against defendant on December 19, 2001, alleging sex discrimination and defamation *per se*.

On February 8, 2002, plaintiff filed a voluntary Chapter 7 bankruptcy petition (the "Bankruptcy Petition"). Question 4A of the Bankruptcy Petition's Statement of Financial Affairs ("Question 4A") asks the bankruptcy petitioner to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding bankruptcy case." *See* Form 7W Stmt. of Financial Affairs at No. 4A (not otherwise paginated). Plaintiff responded to Question 4A by indicating "None".

The trustee in plaintiff's bankruptcy case issued his report on March 15, 2002, finding that plaintiff's estate contained no assets to be administered on behalf of creditors. The bankruptcy court entered an Order of Discharge of Debtor on May 20, 2002, discharging plaintiff's debts.

Meanwhile, plaintiff's suit against defendant was still active. On June 6, 2002, plaintiff served defendant with his answers/objections to defendant's first set of interrogatories. Plaintiff answered one of defendant's question as follows:

> "4. Describe in detail the nature of any equitable and/or declaratory relief you are seeking in this litigation.
>
> *Answer*: Relief from depression, lack of motivation, loss of income resulting in Bankruptcy, loss of automobile and ability to function."

Pl.'s Answers to Def.'s First Set of Interrogs. at No. 4.

---

[2] Circumstances surrounding plaintiff's termination are not relevant to this discussion.

## Discussion

The parties disagree as to whether the doctrine of judicial estoppel should bar plaintiff's claims of gender discrimination and defamation against defendant. Judicial estoppel is an equitable doctrine invoked by the courts at their discretion. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The doctrine is designed to protect the integrity of the judicial process. *See id.* It prevents a party, successful in one legal proceeding by taking a certain position, from taking a contrary position in a subsequent legal proceeding simply because his interests have changed. *See id.* Parties should not be allowed to play "fast and loose" with the courts. *See id.* (internal citations omitted).

No pat formula exists for applying judicial estoppel. *See id.* The courts have, however, provided us with some guidelines to identify appropriate cases. First, the later position must be clearly inconsistent with the earlier position. *See Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992). Second, the facts at issue must be the same in both proceedings. *See id.* Finally, the first court must have been convinced to adopt the earlier position. *See id.*

Defendant urges us to invoke the doctrine here to bar plaintiff from pursuing his claims against defendant. First, plaintiff's current position, that he has a claim against defendant, is inconsistent with his position during his bankruptcy proceeding when he indicated on his Bankruptcy Petition that he was not involved in any "suits or administrative proceedings". Second, the facts at issue in each proceeding are the same: the existence of a claim against defendant. Finally, the bankruptcy court was convinced of plaintiff's position that he had no assets to distribute to his creditors, *i.e.* the court granted plaintiff a discharge of his debts.

Judicial estoppel is strong medicine, however, and it should not be used where it would "work an injustice, such as where the former position was the product of inadvertence or mistake". *In re*

*Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990). "The rule looks toward cold manipulation and not an unthinking or confused blunder." *Id.* (citing *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 175 (5th Cir. 1973)).

With facts similar to these, some courts have found the requisite intent on the part of the plaintiff-debtor and have invoked judicial estoppel to bar the plaintiff's civil claim. *See, e.g., In re Coastal Plains*, 179 F.3d 197 (5th Cir. 1999); *Payless Wholesale Distrib. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3rd Cir. 1988). We find, however, that at this time we lack sufficient evidence to determine whether plaintiff acted in bad faith in failing to disclose on his Bankruptcy Petition his claim against defendant.

We do not assume that a *pro se* bankruptcy petitioner[3] would know that Question 4A was designed to elicit information about a lawsuit or claim that the petitioner may have as an asset. The question is captioned "SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS" and asks for "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding bankruptcy case." The question is in the midst of questions focused on payments to creditors and attached or repossessed property of the debtor.[4] Information about a debtor's income is clearly sought in Questions 1 and 2, but those questions specifically ask for income from employment or other income *received* during the two years preceding the bankruptcy case.

---

[3] We find relevant plaintiff's assertion that he filed his Bankruptcy Petition *pro se*. *See* Pl.'s Mem. Law Opp'n to Def's Mot. Summ. J. at § II.B (not otherwise paginated).

[4] Questions 3A and 3B each address payments to creditors. Question 4B, with a caption identical to that of Question 4A, asks for a description of all property that has been attached, garnished or seized. Question 5 is captioned "REPOSSESSIONS, FORECLOSURES, AND RETURNS" and requires a list of all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed or returned to a seller.

We find that the wording of Question 4A and its placement on the Statement of Financial Affairs form may not make clear to a *pro se* bankruptcy petitioner that disclosure of all lawsuits and administrative proceedings, especially those that may result in a monetary award to the petitioner, is required. We cannot conclude without additional evidence that plaintiff's failure to disclose his claim against defendant on his Bankruptcy Petition was more than a mistake.

## Conclusion

For the reasons set forth above, the parties have until January 27, 2003, to conduct discovery on the issue of plaintiff's intent with respect to his failure to disclose his claim against defendant on his Bankruptcy Petition. Defendant has until February 5, 2003, to submit supplemental evidence on this issue to the Court, along with a short explanatory brief, if necessary. Plaintiff has until February 14, 2003, to respond with supplemental evidence and a short explanatory brief, if necessary.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: 12/12/02